## Melchior Sniveley Stoner, Appellee, v. Yeomen of America, Appellant.

### Gen. No. 5320.

FRATERNAL BENEFIT SOCIETIES—*contract contrued, partial indemnity being claimed.* Partial indemnity being provided for in event of "the loss of a hand at or above the wrist," recovery will not be sustained where the injury consisted of only the partial loss of a hand notwithstanding the injury may be severe.

Assumpsit. Appeal from the Circuit Court of Lee county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1910. Reversed. Opinion filed October 18, 1910. Rehearing denied April 6, 1911.

FRED B. SILSBEE, HENRY S. DIXON and GEORGE C. DIXON, for appellant.

BROOKS & BROOKS and JOHN P. DEVINE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an appeal from a judgment for $395.81 in favor of appellee in a suit brought by him against appellant on an accident insurance policy, to recover for the alleged loss of a hand.

Appellant is a fraternal benefit society. Appellee, the insured, sustained a personal injury while a member of appellant in good standing. The injury consisted in the loss of the third and little fingers and the forcing into the palm of the hand the knuckle joint of the middle finger, leaving the thumb uninjured and the first finger slightly stiffened so that it would only close about two thirds. Appellee was able to and did work at his trade, that of a carpenter, after the injury. It was stipulated that if appellee is entitled to recover, the sum he is entitled to is the amount of the judgment.

The application and certificate for membership were

signed by appellee. The application provides: "I hereby agree to make prompt payment * * * and to conform in all respects to the laws, rules and usages of the order now in force or which may hereafter be enacted by the same." The certificate of membership contains a similar clause. The declaration avers "that under the law and under said certificate of insurance, the by-laws of said defendant company became and were a part of said certificate of insurance; that said company had, prior to the issuance of said certificate of insurance, section 105 of its constitution and by-laws in words and figures as follows, to-wit: "Sec. 105. Any member holding a benefit certificate who shall become partially disabled by the loss of a hand at or above the wrist * * * shall receive from the reserve fund one half of the certificate less the unpaid cost * * * " Appellee offered in evidence the certificate and said by-law and proved his injuries as above stated. It was stipulated that appellant might under the general issue introduce any evidence or interpose any defense that would be proper under any plea. Appellant offered in evidence an amendment to section 105 of the by-laws passed and adopted November 4, 1907, after appellee became a member and before the date of the injury. The section as amended provides: "any member holding a benefit certificate who shall become partially disabled by the loss of a hand, *by severance* at or above the wrist * * * shall receive from the reserve fund one half of the certificate less the unpaid cost." Appellee waived all preliminary proof of the passage of the amendment, but objected to the admission of the amendment for the reason it was passed after the certificate was issued, and that there was no provision showing that the amendment is retroactive in effect, but that it was prospective only. The court sustained the objection, and this ruling is assigned for error.

It is also assigned for error that the court should have given a peremptory instruction requested at the

close of appellee's evidence and at the close of all the evidence. It is clear that if the amendment is applicable plaintiff has no case. But if it is not, yet under the by-law in force when the certificate was issued appellee was only entitled to indemnity for the loss of a hand at or above the wrist. Appellee by his own showing has at least half the hand left. He was asked by his counsel whether or not he could perform the work necessary in his vocation, and his answer was, "Well, it interferes with anything I want to do." He testified he could use the hand to drive nails but that he did not have much strength in it; that he had worked at the carpenter's trade earning two dollars a day since the injury. It is clear that plaintiff's hand was badly injured, but he has the use of more than half the hand, so that he has not lost a hand at or above the wrist. The evidence of appellee does not prove the loss of a hand, and the court erred in refusing the peremptory instruction asked by appellant. The judgment is therefore reversed with a finding of fact.

*Reversed.*

FINDING OF FACT: The appellee did not lose a hand at or above the wrist.